United States District Court
Southern District of Texas
FILED

SEP 1 3 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE:<br>ARMANDO O. SORIA,<br>Debtor, | §<br>§<br>§<br>§ | BANKRUPTCY CASE NO. 02-20220-M-13 |

| | | |
|---|---|---|
| ARMANDO O. SORIA,<br>Plaintiff,<br><br>v.<br><br>EMC MORTGAGE CORPORATION<br>and LIBERTY SAVINGS BANK,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY NO. 03-1047-B |

| | | |
|---|---|---|
| ARMANDO O. SORIA,<br>Plaintiff,<br><br>v.<br><br>LIBERTY SAVINGS BANK,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 04-008 |

## MEMORANDUM ORDER

BE IT REMEMBERED that on September 13, 2004, the Court **DENIED** Defendant Liberty Savings Bank, F.S.B.'s ("Liberty") Motion for Leave to Appeal to the United States District Court [Dkt. No. 1-1].

### I. PROCEDURAL HISTORY BACKGROUND

Defendant Liberty Savings Bank filed the instant motion for leave to appeal an order of dismissal entered by the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 158(a). Specifically, Defendant seeks this Court's review of the bankruptcy court's order denying its motion to dismiss an

adversary proceeding brought by Debtor-Plaintiff Armando Soria ("Soria" or "Plaintiff").

The adversary proceeding at issue stems from *In re Soria*, B-02-20220-M-13 (S.D. Tex.), a bankruptcy action in which Soria filed for Chapter 13 bankruptcy under the United States Bankruptcy Code. The bankruptcy filing arose from a contract for deed that Plaintiff entered into with Adobe Holdings ("Adobe"). Adobe agreed to convey certain real property to Soria for $30,000. Soria eventually defaulted on the agreement and ultimately filed for Chapter 13 protection when foreclosure was threatened.

Plaintiff then brought an adversary action, Adversary No. B-03-1047-B, against Liberty, a successor in interest to the contract for deed held by Adobe, and EMC Mortgage, the current holder of the note. In the adversary action, Plaintiff alleges he was never provided with an annual accounting statement as required by Texas Property Code § 5.077, and pursuant thereto he seeks statutory damages in the amount of $250.00 per day.

Liberty moved to dismiss the adversary action pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff's property code claim is preempted by federal law because Liberty Savings is a federally chartered savings association subject to the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. and other federal regulations issued by the Office of Thrift Supervision ("OTS").

In response, Soria filed a Memorandum in Opposition to Liberty's Motion to Dismiss. Therein, Plaintiff asserted that the Texas state statute on which his adversary proceeding is based is not expressly preempted by federal regulations because the note at issue in this case is an executory contract, not a mortgage or note. Thus, Soria argued that the nature of the note at issue takes this case out of the purview of the federal regulations that Liberty asserts are controlling.

Liberty then filed a Reply to Soria's Memorandum Opposing the Motion to Dismiss. The reply asserted, among other things, that Soria should be judicially estopped from taking the position that the contract for deed underlying this action is not a mortgage or note because Soria had taken a contrary position in his bankruptcy proceedings. In response, Soria moved to strike certain exhibits from Liberty's Reply,

2

and argued that Liberty was attempting to bring matters outside the pleadings before the bankruptcy court, which is improper in the context of a 12(b)(6) motion to dismiss. Soria's motion to strike was directed at the evidence Liberty attached to its reply, which related to Liberty's judicial estoppel argument.

Liberty then filed a response in opposition to Soria's motion to strike, asserting, inter alia, that its judicial estoppel argument and supporting evidence were appropriate because they were raised in response to Soria's "new" allegation that his obligation to Liberty was not a secured mortgage.

After hearing oral arguments on Liberty's Motion to Dismiss, on November 6, 2003, the bankruptcy court issued an order denying Liberty's motion to dismiss. The order denying the motion to dismiss concisely stats that "significant issues of law and fact are involved in the case and the complaint should not be dismissed." See Docket No. 34, Adversary Proceeding B-03-01047. Soon thereafter, the bankruptcy court issued an order denying Soria's Motion to Strike as moot. In the wake of the denial of Liberty's Motion to Dismiss, Liberty moved for leave to file an interlocutory appeal of the bankruptcy court's order. The bankruptcy court initially issued an order certifying two issues for appeal, but later vacated the order because it had been "entered prematurely," presumably before the Plaintiff had an adequate opportunity to respond to Liberty's Motion for Leave. The bankruptcy court, with the agreement of the parties, established a schedule for future filings concerning Liberty's Motion for Leave to Appeal. This motion is now before this Court to decide.

## II. LEGAL ANALYSIS

### A. Leave to Appeal

In its motion, Liberty asserts that Plaintiff's claim, which is based on Texas Property Code § 5.077, is preempted by federal law because Liberty is a federally chartered savings association subject to the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. and other federal regulations. Liberty further argues that Plaintiff is judicially estopped from bringing suit under Texas Property Code § 5.077, a statute governing the conveyance of real property and executory contracts, because Plaintiff repeatedly asserted in his bankruptcy filings that his obligation to Liberty does not

involve an executory contract, but rather a secured mortgage loan.

It is well settled that leave to appeal an interlocutory order of a bankruptcy court should be granted only in unique circumstances that justify transcending the general rule that courts should refrain from deciding issues on interlocutory appeal. *In re Hunt Int'l Resources Corp.*, 57 B.R. 371, 372 (N.D.Tex. 1985). Interlocutory appeals are not favored because they interfere with the overriding goal of the bankruptcy system, namely, the expeditious resolution of pressing economic difficulties. *Id.*

Pursuant to 28 U.S.C. § 158(a), the district court has "jurisdiction to hear appeals (1) from final judgments, orders, and decrees [of the bankruptcy court] . . . and, (3) with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a)(1) & (3). An order denying a motion to dismiss would be an example of a common interlocutory order. *See, e.g., In re Empresas Noroeste, Inc.*, 806 F.2d 315, 317 (1st Cir. 1986). The Fifth Circuit has not expressly adopted criteria for determining when it is appropriate to grant leave to appeal under 28 U.S.C. § 158(a)(3). It has, however, recognized that many district courts have adopted the standard applied under 28 U.S.C. § 1292(b), which governs interlocutory appeals to the circuit courts for district courts' review of bankruptcy court orders. *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991); *see also In re MCorp Financial, Inc.*, 139 B.R. 820, 823 (S.D.Tex. 1992) (applying § 1292(b) as standard for granting leave from an interlocutory order of the bankruptcy court); *In re Schepps Food Stores, Inc.*, 148 B.R. 27, 29 (S.D.Tex.1992) ("The standards for granting leave to appeal an interlocutory order of the bankruptcy court are guided by the statute governing interlocutory appeals from the district court to the circuit court. 28 U.S.C. § 1292(b)."); *United States v. Tomlin*, 266 B.R. 350 (N.D.Tex. 2001) (taking up interlocutory appeal of bankruptcy court order denying motion to dismiss in adversary action).

Thus, pursuant to § 158(a)(3), interlocutory appeal should be granted only if (1) the bankruptcy court's order involves a controlling issue of law; (2) the order presents a question upon which there is substantial ground for difference of opinion; and (3) immediate appeal would materially advance the ultimate termination of the litigation. *Ichinose*, 946 F.2d at 1177. Ultimately, however, "[t]he decision to grant or deny leave

to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citing *Am. Freight Sys., Inc. v. W.A. Walker & Assocs., Inc.* (*In re Am. Freight Sys., Inc.*), 153 B.R. 316, 318 (D.Kan.1993)).

In the case presently before this Court, Liberty asserts that the two issues it seeks to appeal fit the above criteria and thus should be addressed by this Court. Soria counters with a number of arguments, some of which hinge on the bankruptcy court's treatment of Liberty's Motion to Dismiss. The Court addresses the arguments in turn below.

### A. **Federal Preemption**.

Liberty's main contention is that Soria's adversary claim pursuant to Texas Property Code § 5.077(a) is expressly preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq., and regulations promulgated by the Office of Thrift Supervision ("OTS"). *See* C.F.R. § 562.2(b). Soria alleges Liberty failed to provide annual disclosures as required by the Texas Property Code. Liberty argues that whether Soria's claims are preempted is a pure question of law that can, and should, be decided immediately on interlocutory appeal because the bankruptcy court's order presents a controlling issue of law, on which there is substantial ground for difference of opinion, and such immediate appeal of the bankruptcy court's order will materially advance the termination of this litigation. *See Ichinose*, 946 F.2d at 1177.

### 1. **Analysis**

Liberty cites a number of cases in which courts have ruled the issue of preemption, or an analogous issue, is a controlling question of law, the resolution of which would advance the termination of the lawsuit and thus avoid further litigation. *See, e.g., Dehoys v. Allstate Corp.*, 345 F.3d 290, 293-94 (5th Cir. 2003) (granting interlocutory appeal where district court issued direct ruling on preemption issue based entirely on conclusions of law); *In re Pacific Gas and Elec. Co.*, 280 B.R. 506, 515 (N.D. Cal. 2002) (holding appellate jurisdiction existed as of right, but in dicta indicating it would grant discretionary review because controlling issue of law existed and substantial grounds for disagreement over case law relied on by the parties existed); *In*

*re De Laurentiis Entm't Group, Inc.*, 124 B.R. 305, 307-08 (C.D. Cal. 1991) (discussing statutory interpretation, not preemption, and reviewing bankruptcy court's *findings* concerning statutory interpretation); *In re Lady Madonna Indus., Inc. v. Pereira*, 76 B.R. 281, 286 (S.D.N.Y. 1987) (holding case appropriate for interlocutory appeal where no facts were at issue and district court expressly reviewed the legal standards applied by the bankruptcy court). These cases are distinguishable in three important ways: (1) although analogies can be made, some of the cases do not involve preemption, but they do involve statutory interpretation or choice of law issues; (2) the bankruptcy court issued a memorandum decision in which its reasoning and analysis were laid out with at least enough detail for the district court to review; and (3) for those cases involving preemption at all, the preemption issue was definitively dispositive because the determination of no other issue would negate the need to decide preemption.

Liberty asserts the issue of whether Texas Property Code § 5.077(a) is federally preempted by HOLA and OTS can be resolved by simply "comparing" the statutes. Although Liberty is correct that generally federal preemption is a legal issue, the bankruptcy court has not yet made any findings that the contract for deed should be considered an executory contract, and not a mortgage loan, such that procedures concerning annual accounting statements would be governed by Texas Property Code § 5.077(a), a statute that applies to executory contracts. Moreover, aside from interpretation of the contract,[1] if indeed the bankruptcy court determines Soria is judicially estopped from claiming the contract for deed is an executory contract, the bankruptcy court need not address preemption because without a claim that the contract for deed is an executory contract, Texas Property Code § 5.077(a) is not applicable at all. Stated differently, the bankruptcy court could in fact determine the judicial estoppel issue is dispositive in the case, thus negating the need to ever reach the preemption issue. As a result, the Court cannot find the preemption issue is

---

[1] The bankruptcy court has not yet engaged in any contract interpretation, nor is the contract for deed contained in the record now before this Court. Thus, although Texas law generally holds contracts for deed are considered executory contracts, this Court will not make such a finding, nor could it based on the record. *See, e.g., In re Finley*, 138 B.R. 181 (E.D. Tex. 1992).

definitively a controlling issue of law in this case.

Liberty also argues there is substantial ground for disagreement concerning whether Soria's contract for deed should be treated as a mortgage for preemption purposes. Liberty cites a number of cases in which courts have found that interlocutory appeal is appropriate when issues are difficult and a matter of first impression. *See, e.g., Kidneigh v. Unum Life Ins. Co. of Am.*, 345 F.3d 1182, 1184 (10th Cir. 2003); *Klinghoffer v. Achille Lauro Lines*, 921 F.2d 21, 25 (2d Cir. 1990).

Although the Court agrees in theory with Liberty--the preemption issue in this case presents a question of first impression in this Circuit, and thus *could* constitute grounds for substantial difference of opinion, without a certain controlling issue of law or a definitive ruling on the issue by the bankruptcy court, this Court will not grant leave to appeal, and in so doing potentially render an advisory opinion on the issue of preemption. Additionally, because there is another party to the litigation, EMC Mortgage Corporation, an *immediate* appeal on the preemption issue may not materially advance the ultimate termination of the litigation if the bankruptcy court were to decide ultimately the contract for deed should not be treated as an executory contract, and thus never reach the issue of preemption. In that case, appeal of the issue of preemption would be unnecessary, will result in piecemeal litigation, and will not "materially advance the termination of this litigation." *See Ichinose*, 946 F.2d at 1177.

Because the bankruptcy court did not rule on the merits of Liberty's preemption claim, Liberty is not barred from raising these arguments at a later stage in the litigation, and appeal the bankruptcy court's final judgment, if necessary and desired. *See In re National Office Products*, 116 B.R. at 20-21. *See also In re O'Connor*, 258 F.3d at 399-400 ("[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion"). Accordingly, the procedural history of this case does not justify overriding the general policy of not allowing such appeals. *In re Hunt*, 57 B.R. at 372.

### B. Judicial Estoppel

Although Liberty has been denied leave to appeal the issue of federal

preemption, this Court now turns to address whether leave should be granted regarding the issue of judicial estoppel. *See, e.g,, Wolff v. Wolff*, 768 F.2d 642, 648 (5th Cir. 1985) (stating that court of appeals could grant leave to appeal as to some issues and deny leave to appeal as to other issues).

### 1. Analysis

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir.2003) (quoting *Ergo Science Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir.1996)). See also *In re Coastal Plains, Inc.* 179 F.3d 197, 205 (5th Cir.1999).

> [W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The doctrine is designed to protect the integrity of the judicial process and prevent litigants from "playing fast and loose" with the courts. *Hall,* 327 F.3d at 396; *see also New Hampshire*, 532 U.S. at 749. The doctrine of judicial estoppel may be appropriate based on an assertion made in a previous judicial proceeding of a party or a party's legal counsel. *See Hall,* 327 F.3d at 396 ("Statements made in a previous suit by an attorney before the court can be imputed to a party and subject to judicial estoppel."). It is within the sound discretion of the court to invoke judicial estoppel. *Ahrens v. Perot Sys. Corp.,* 205 F.3d 831, 833 (5th Cir. 2000); *In re Coastal Plains, Inc.* 179 F.3d at 205 (5th Cir.1999). A party may be estopped from asserting a particular position if it is shown that (1) the position of the party to be estopped is clearly inconsistent with its previous position and (2) the party convinced the court to accept that previous position. *Hall,* 327 F.3d at 396; *Ahrens,* 205 F.3d at 833.[2] A court's analysis of judicial estoppel

---

[2]"Generally, this Circuit considers judicial estoppel 'a matter of federal procedure' and therefore applies federal law." *Hall,* 327 F.3d at 395. In this case, application of federal law would be appropriate because the bankruptcy case involved federal law and disclosure requirements

will often involve questions of both fact and law. By its very nature, the doctrine is not subject to a bright-line rule or test for determining whether it applies in a particular instance. Rather, the application of judicial estoppel will require consideration of facts and circumstances applicable to that specific case. *See, e.g., In re Pittsburgh Sports Assoc. Holding Co.*, 239 B.R. 75, 82 (W.D. Pa. 1999).

Liberty contends the issue of judicial estoppel, like the issue of preemption is a controlling issue of law that is dispositive of Soria's claim and should be decided immediately. More specifically, Liberty argues there can be no question that Soria

> consistently claimed in his bankruptcy filings and schedules that his debt obligation to Liberty Savings Bank was not an executory contract, but instead a secured mortgage loan; and . . . [Soria] accordingly was permitted by the Court to deal with his obligation to Liberty Savings Bank through his bankruptcy plan rather than having to immediately cure his default by assuming it under Section 365 of the Bankruptcy Code. Liberty Savings Bank asserts that, having benefited [sic] from specifically <u>denying</u> that his obligation to Liberty Savings Bank was an executory contract in his bankruptcy, he is judicially estopped from seeking the damages available under § 5.077 by now asserting that it is. If Liberty Savings Bank is correct that such conduct is not permitted, then as a matter of law, plaintiff's claim under § 5.077 fails.

Liberty's Memorandum in Support of Motion for Leave to Appeal, at p. 7 (emphasis in original).

Although the Court agrees with Liberty that the issue of judicial estoppel *could* be a controlling issue of law in this case, Liberty has failed to demonstrate there are substantial grounds upon which there is disagreement concerning whether Soria's claim should be barred by judicial estoppel because the contract for deed should be treated as a mortgage. Liberty attaches its judicial estoppel arguments to its arguments concerning disagreements over the preemption issue "because the issue of how a federal savings association is to treat contracts for deed is an issue that is central to plaintiff's action." *Id.* at 9. Arguably, however, were Soria's claim barred by judicial

---

under the federal Bankruptcy Code. Additionally, the adversary proceeding also arose in a federal bankruptcy court in which the affirmative defense of judicial estoppel is raised to prevent that court from being subjected to manipulation. As a result, although this Court does not actually decide the issue of judicial estoppel on the merits, it discusses the judicial estoppel arguments in the context of federal law.

estoppel, the Texas Property Code may not apply to the contract of deed, which Liberty argues Plaintiff previously claimed to be a mortgage loan, thus negating the Court's need to reach the issue of preemption at all. Although the judicial estoppel issue is related to the preemption claim, it requires a separate analysis, which Liberty has not demonstrated would be subject to substantial ground for disagreement.

The fact that the parties disagree over whether Soria's previous disclosures bar him from now asserting that the contract for deed is an executory contract under the doctrine of judicial estoppel does not amount to a substantial difference in legal opinion. *See In re Jackson Brook Institute, Inc.*, 280 B.R. 1, 6 (D. Me. 2002). Liberty does not argue, nor could it, that there is substantial ground for difference of opinion on the elements of judicial estoppel. Moreover, the bankruptcy court did not deny the merits of Liberty's arguments concerning judicial estoppel. Rather, it reviewed the motions, heard arguments, and determined that under the standards established by Federal Rule of Civil Procedure 12(b), Soria had stated a claim upon which relief could be based. As Soria argues, by denying the motion to dismiss without an analysis of the judicial estoppel and preemption issues, the only conclusion this Court can reach on the record before it is that the bankruptcy court simply analyzed the pleadings in the light most favorable to the Plaintiff, and determined that under this standard Plaintiff had sufficiently alleged the elements of his cause of action. *In Re National Office Products Inc.*, 116 B.R. 19, 21 (D.R.I. 1990). Because the bankruptcy court determined substantial issues of *fact* and law remained, it declined to rule on the merits of Liberty's arguments of judicial estoppel and preemption at that time. In this respect, the bankruptcy court's order did not actually involve a definitive determination on the judicial estoppel issue at all.[3] *See Powers v. Montgomery*, 1998 WL 159944 at *2 (N.D.Tex.

---

[3] The bankruptcy court has also not yet ruled on the timeliness of Liberty's judicial estoppel defense. Although generally an affirmative defense is raised in the initial pleadings, there are circumstances in which the court may rule the plaintiff is not prejudiced, and thus allow the defendant to assert the defense. This Court leaves the determination of timeliness and waiver to the bankruptcy court to decide in the first instance. Similarly, the bankruptcy court denied as moot Soria's Motion to Strike exhibits attached to Liberty's Reply to Soria's Opposition to the Motion to Dismiss, and thus never reached a conclusion as to whether the attached exhibits, if considered, would transform the Motion to Dismiss into a motion for summary judgment. This Court will not

April 1, 1998) (stating that, to be appealable, an interlocutory bankruptcy order must, inter alia, involve a controlling issue of law) (citing *Ichinose*, 946 F.2d at 1177). C.f. *Citizens National Bank v. Taylor*, 812 F.2d 931 (5th Cir. 1987) (declining to consider issue not addressed by district court and raised for first time on appeal); *Norfolk & Western Railway Co. v. Accident & Casualty Insurance Company of Winterthur*, 41 F.3d 928 (4th Cir. 1994) (where district court did not address an issue on summary judgment, appellate court would not address issue on interlocutory appeal and declined to address issue on theory that district court implicitly decided the issue); *Clark v. Chubb Group of Insurance Cos.*, 337 F.3d 687, 694 n.4 (6th Cir. 2003) (because district court did not rule on an issue, and because case was to be remanded for further proceedings, appellate court declined to entertain the issue); *Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1233 (10th Cir. 1997) (holding that "an issue must be presented to, considered [and] decided by the trial court before it can be raised on appeal") (quotations omitted).

Finally, the interpretation of the schedules, disclosures, and other bankruptcy pleadings is within the specialized knowledge and expertise of the bankruptcy court. Bankruptcy judges possess an intimate understanding of Chapter 13 proceedings, and the rules and laws that accompanying these proceedings. The application of judicial estoppel requires a mixed analysis of fact and law, which the bankruptcy court has not yet made. That determination will be specifically applied to the particulars of this case and relate particularly to the previous bankruptcy proceedings and the present adversary proceeding. This Court is loath to make factual findings that the bankruptcy court has yet to make. *See In re MCorp Financial, Inc.*, 139 B.R. 820, 823 (S.D. Tex. 1992) (on permissive interlocutory appeal, fact intensive questions and issues committed to the sound discretion of the bankruptcy court are not usually appropriate for district court review) (citing *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D. Tex. 1988); *Delaware and Hudson Railway Co.*, 129 B.R. 388, 396 (D. Del. 1991) (district courts should not ordinarily engage in additional fact finding on appeal from bankruptcy

---

decide these issues in the first instance.

orders (citing *In re Neis*, 723 F.2d 584, 589-90 (7th Cir. 1983)).

Because Liberty has not demonstrated there are substantial grounds for disagreement on the judicial estoppel issue, the Court denies Liberty leave to appeal on this issue.

### III. CONCLUSION

As stated above, Liberty has not demonstrated the necessary elements of 1292(b) are met. Furthermore, because the bankruptcy court has not yet denied the merits of Liberty's arguments, this Court will not exercise its discretion to hear an interlocutory appeal. *See In re O'Connor*, 258 F.3d at 399-400. If the bankruptcy court either does not address the merits of Liberty's judicial estoppel or preemption claims in the course of future rulings, or if the bankruptcy court rules in Soria's favor, Liberty can then seek review of those issues along with any other issues decided by the bankruptcy court, and thus perfect an appeal after final judgment is entered. Accordingly, the Court **DENIES** Defendant Liberty Savings Bank, F.S.B.'s ("Liberty") Motion for Leave to Appeal to the United States District Court [Dkt. No. 1-1].

DONE at Brownsville, Texas, this 13th day of September, 2004.

_____
Hilda G. Tagle
United States District Judge